Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X
DANIEL DE MELO FERREIRA, FELIX FLORENTINO, MARVIN YOVANY OSWALDO, ALEXIS ARANDA PAZ and JERONIMO ORELLANA OLIVARES, individually and on behalf of all others similarly situated,

        Plaintiffs,

-against-

BROOKLYN'S CONSTRUCTIONS & DESINGS INC., BROOKLYN'S CONSTRUCTIONS & RENOVATIONS CORP., 4 GIRON CONSTRUCTION INC., and FRANSICO GIRON, as an individual,

        Defendants.
-------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

1. Plaintiffs, **DANIEL DE MELO FERREIRA, FELIX FLORENTINO, MARVIN YOVANY OSWALDO, ALEXIS ARANDA and JERONIMO ORELLANA OLIVARES, individually and on behalf of all others similarly situated,** (hereinafter referred to as "Plaintiffs"), by their attorneys at Helen F. Dalton & Associates, P.C., allege, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

2. Plaintiffs, **DANIEL DE MELO FERREIRA, FELIX FLORENTINO, MARVIN YOVANY OSWALDO, ALEXIS ARANDA and JERONIMO ORELLANA OLIVARES**, through undersigned counsel, bring this action against **BROOKLYN'S CONSTRUCTIONS & DESINGS INC., BROOKLYN'S CONSTRUCTIONS &**

1

**RENOVATIONS CORP., 4 GIRON CONSTRUCTION INC, and FRANSICO GIRON, as an individual,** (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiffs' employment at BROOKLYN'S CONSTRUCTIONS & DESINGS INC. located at 6910 15th Ave., Brooklyn, NY 11228, BROOKLYN'S CONSTRUCTIONS & RENOVATIONS CORP. located at 315 Kings Highway, Brooklyn, NY 11223 and 4 GIRON CONSTRUCTION INC. located at 1747 West 6th Street, Apt. 2L, Brooklyn, NY 11223.

3. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.
5. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.
6. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.
7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

8. Plaintiff DANIEL DE MELO FERREIRA residing at Brooklyn, NY 11214 was employed from in or around November 2020 until in or around March 2021 by Defendants at BROOKLYN'S CONSTRUCTIONS & DESINGS INC., BROOKLYN'S CONSTRUCTIONS & RENOVATIONS CORP., and 4 GIRON CONSTRUCTION INC.
9. Plaintiff FELIX FLORENTINO residing at Brooklyn, NY 11220 was employed from in or around November 2020 until in or around March 2021 by Defendants at BROOKLYN'S

CONSTRUCTIONS & DESINGS INC., BROOKLYN'S CONSTRUCTIONS & RENOVATIONS CORP., and 4 GIRON CONSTRUCTION INC.

10. Plaintiff MARVIN YOVANY OSWALDO residing at Brooklyn, NY 11220 was employed from in or around December 2020 until in or around February 2021 by Defendants at BROOKLYN'S CONSTRUCTIONS & DESINGS INC., BROOKLYN'S CONSTRUCTIONS & RENOVATIONS CORP., and 4 GIRON CONSTRUCTION INC.

11. Plaintiff ALEXIS ARANDA PAZ residing at Bronx NY, 10457 was employed from in or around December 2020 until in or around February 2021 by Defendants at BROOKLYN'S CONSTRUCTIONS & DESINGS INC., BROOKLYN'S CONSTRUCTIONS & RENOVATIONS CORP., and 4 GIRON CONSTRUCTION INC.

12. Plaintiff JERONIMO ORELLANA OLIVARES residing at Brooklyn, NY 11226 was employed from in or around November 2020 until in or around February 2021 by Defendants by at BROOKLYN'S CONSTRUCTIONS & DESINGS INC., BROOKLYN'S CONSTRUCTIONS & RENOVATIONS CORP., and 4 GIRON CONSTRUCTION INC.

13. Upon information and belief, Defendant, BROOKLYN'S CONSTRUCTIONS & DESINGS INC., is a corporation organized under the laws of New York with a principal executive office located at 6910 15th Ave., Brooklyn, NY 11228.

14. Upon information and belief, Defendant, BROOKLYN'S CONSTRUCTIONS & RENOVATIONS CORP., is a corporation organized under the laws of New York with a principal executive office located at 315 Kings Highway, Brooklyn, NY 11223.

15. Upon information and belief, Defendant, 4 GIRON CONSTRUCTION INC., is a corporation organized under the laws of New York with a principal executive office located at 1747 West 6th Street, Apt. 2L, Brooklyn, NY 11223.

16. Upon information and belief, Defendant, BROOKLYN'S CONSTRUCTIONS & DESINGS INC., BROOKLYN'S CONSTRUCTIONS & RENOVATIONS CORP., and 4 GIRON CONSTRUCTION INC. are corporations authorized to do business under the laws of New York.

17. Upon information and belief, Defendants FRANSICO GIRON owns and operates BROOKLYN'S CONSTRUCTIONS & DESINGS INC., BROOKLYN'S CONSTRUCTIONS & RENOVATIONS CORP., and 4 GIRON CONSTRUCTION INC.

18. Upon information and belief, Defendants FRANSICO GIRON is an authorized agent of BROOKLYN'S CONSTRUCTIONS & DESINGS INC., BROOKLYN'S CONSTRUCTIONS & RENOVATIONS CORP., and 4 GIRON CONSTRUCTION INC.

19. Defendant FRANSICO GIRON has power over personnel decisions at BROOKLYN'S CONSTRUCTIONS & DESINGS INC., BROOKLYN'S CONSTRUCTIONS & RENOVATIONS CORP., and 4 GIRON CONSTRUCTION INC.

20. Defendant FRANSICO GIRON has power over payroll decisions at BROOKLYN'S CONSTRUCTIONS & DESINGS INC., BROOKLYN'S CONSTRUCTIONS & RENOVATIONS CORP., and 4 GIRON CONSTRUCTION INC.

21. Defendant FRANSICO GIRON has the power to hire and fire employees BROOKLYN'S CONSTRUCTIONS & DESINGS INC., BROOKLYN'S CONSTRUCTIONS & RENOVATIONS CORP., and 4 GIRON CONSTRUCTION INC., establish and pay their wages, set their work schedule, and maintains their employment records.

22. Defendant FRANSICO GIRON was responsible for hiring Plaintiffs to work at BROOKLYN'S CONSTRUCTIONS & DESINGS INC., BROOKLYN'S CONSTRUCTIONS & RENOVATIONS CORP., and 4 GIRON CONSTRUCTION INC., and were responsible for setting Plaintiffs' rates of pay, paying Plaintiffs, setting Plaintiffs' schedules and determining at which locations Plaintiffs would perform work for BROOKLYN'S CONSTRUCTIONS & DESINGS INC., BROOKLYN'S CONSTRUCTIONS & RENOVATIONS CORP., and 4 GIRON CONSTRUCTION INC.

23. During all relevant times herein, Defendants FRANSICO GIRON was Plaintiffs' employer within the meaning of the FLSA and NYLL.

24. At all times relevant hereto, Defendants acted as a single employer in general and a joint employer with respect to Plaintiffs, as Defendants held out Plaintiffs as employees of both BROOKLYN'S CONSTRUCTIONS & DESINGS INC., BROOKLYN'S CONSTRUCTIONS & RENOVATIONS CORP., and 4 GIRON CONSTRUCTION INC.

25. The Corporate entities employed the same employees, including Plaintiffs, performed work on the same job sites, and were both responsible for issuing Plaintiffs their wages.

26. The Corporate entities functioned as a single integrated enterprise during Plaintiffs' employment by Defendants.

27. On information and belief, BROOKLYN'S CONSTRUCTIONS & DESINGS INC., BROOKLYN'S CONSTRUCTIONS & RENOVATIONS CORP., and 4 GIRON CONSTRUCTION INC. are, at present and has been at all times relevant to the allegation in the complaint, an integrated enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS
## DANIEL DE MELO FERREIRA

28. Plaintiff DANIEL DE MELO FERREIRA was employed by BROOKLYN'S CONSTRUCTIONS & DESINGS INC., BROOKLYN'S CONSTRUCTIONS & RENOVATIONS CORP., and 4 GIRON CONSTRUCTION INC. as a taper and painter while performing related miscellaneous duties for the Defendants, from in or around November 2020 until in or around March 2021.

29. Plaintiff regularly worked approximately six (6) to seven (7) days per week, during his employment with the Defendants.

30. Plaintiff regularly worked a schedule of shifts beginning at or around 8:00 a.m. and worked approximately until at or around 4:30 p.m. or later, from in or around November 2020 until in or around March 2021.

31. Thus, Plaintiff was regularly required to work fifty-one (51) to fifty-nine and a half (59.5) hours, or more hours, from in or around November 2020 until in or around March 2021.

32. Plaintiff DANIEL DE MELO FERREIRA was paid by Defendants a flat daily wage of approximately $200.00 per day from in or around November 2020 until in or around March 2021.

33. Although Plaintiff DANIEL DE MELO FERREIRA worked approximately fifty-one (51) to fifty-nine and a half (59.5) hours or more per week during his employment, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

34. Additionally, Plaintiff was not compensated at all for his last approximately five (5) weeks of employment by Defendants.

## FELIX FLORENTINO

35. Plaintiff FELIX FLORENTINO was employed by BROOKLYN'S CONSTRUCTIONS & DESINGS INC., BROOKLYN'S CONSTRUCTIONS & RENOVATIONS CORP., and 4 GIRON CONSTRUCTION INC. as a concrete worker and carpenter while performing related miscellaneous duties for the Defendants, from in or around November 2020 until in or around March 2021.

36. Plaintiff regularly worked approximately five (5) days per week, during his employment with the Defendants and worked six (6) days per week approximately three to four times during his employment.

37. Plaintiff regularly worked a schedule of shifts beginning at or around 8:00 a.m. and worked approximately until at or around 4:30 p.m. or later, from in or around November 2020 until in or around March 2021.

38. Thus, Plaintiff was regularly required to work forty-two and a half (42.5) hours, or more hours, from in or around November 2020 until in or around March 2021 with the exception of when he worked six days per week and would work approximately fifty-one (51) hours per week.

39. Plaintiff FELIX FLORENTINO was paid by Defendants a flat hourly rate of approximately $25.00 per hour without regard for the number of hours worked from in or around November 2020 until in or around March 2021.

40. Although Plaintiff FELIX FLORENTINO worked approximately forty-two and a half (42.5) hours or more per week during his employment, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

41. Additionally, Plaintiff was not compensated at all for his last eight (8) weeks of employment by the Defendants.

### MARVIN YOVANY OSWALDO

42. Plaintiff MARVIN YOVANY OSWALDO was employed by BROOKLYN'S CONSTRUCTIONS & DESINGS INC., BROOKLYN'S CONSTRUCTIONS & RENOVATIONS CORP., and 4 GIRON CONSTRUCTION INC. as a concrete worker, construction assistant and demolition worker while performing related miscellaneous duties for the Defendants, from in or around December 2020 until in or around February 2021.

43. Plaintiff regularly worked approximately six (6) to seven (7) days per week, during his employment with the Defendants.

44. Plaintiff regularly worked a schedule of shifts beginning at or around 8:00 a.m. and worked approximately until at or around 4:30 p.m. or later, from in or around December 2020 until in or around February 2021.

45. Thus, Plaintiff was regularly required to work fifty-one (51) to fifty-nine and a half (59.5) hours, or more hours, from in or around December 2020 until in or around February 2021.

46. Plaintiff MARVIN YOVANY OSWALDO was paid by Defendants a flat daily wage of approximately $130.00 per day from in or around December 2020 until in or around February 2021.

47. Although Plaintiff MARVIN YOVANY OSWALDO worked approximately fifty-one (51) to fifty-nine and a half (59.5) hours or more per week during his employment, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

48. Additionally, Plaintiff was not compensated at all for his last three (3) weeks of employment by the Defendants.

### ALEXIS ARANDA PAZ

49. Plaintiff ALEXIS ARANDA PAZ was employed by BROOKLYN'S CONSTRUCTIONS & DESINGS INC., BROOKLYN'S CONSTRUCTIONS & RENOVATIONS CORP., and 4 GIRON CONSTRUCTION INC. as a taper and painter while performing related miscellaneous duties for the Defendants, from in or around December 2020 until in or around February 2021.

50. Plaintiff regularly worked approximately six (6) to seven (7) days per week, during his employment with the Defendants.

51. Plaintiff regularly worked a schedule of shifts beginning at or around 8:00 a.m. and worked approximately until at or around 4:30 p.m. or later, from in or around December 2020 until in or around February 2021.

52. Thus, Plaintiff was regularly required to work fifty-one (51) to fifty-nine and a half (59.5) hours, or more hours, from in or around December 2020 until in or around February 2021.

53. Plaintiff ALEXIS ARANDA PAZ was paid by Defendants a flat daily wage of approximately $170.00 per day from in or around December 2020 until in or around February 2021.

54. Although Plaintiff ALEXIS ARANDA PAZ worked approximately fifty-one (51) to fifty-nine and a half (59.5) hours or more per week during his employment, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

55. Additionally, Plaintiff was not compensated at all for his last week of employment by the Defendants.

## JERONIMO ORELLANA OLIVARES

56. Plaintiff JERONIMO ORELLANA OLIVARES was employed by BROOKLYN'S CONSTRUCTIONS & DESINGS INC., BROOKLYN'S CONSTRUCTIONS & RENOVATIONS CORP., and 4 GIRON CONSTRUCTION INC. as a concrete worker and demolition worker while performing related miscellaneous duties for the Defendants, from in or around November 2020 until in or around February 2021.

57. Plaintiff regularly worked approximately six (6) days per week, during his employment with the Defendants.

58. Plaintiff regularly worked a schedule of shifts beginning at or around 8:00 a.m. and worked approximately until at or around 4:30 p.m. or later, from in or around November 2020 until in or around February 2021.

59. Thus, Plaintiff was regularly required to work fifty-one (51) hours, or more hours, from in or around December 2020 until in or around February 2021.

60. Plaintiff JERONIMO ORELLANA OLIVARES was paid by Defendants a flat daily wage of approximately $170.00 per day from in or around November 2020 until in or around February 2021.
61. Although Plaintiff JERONIMO ORELLANA OLIVARES worked approximately fifty-one (51) hours or more per week during his employment, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.
62. Additionally, Plaintiff was not compensated at all for his three (3) weeks of employment by the Defendants.

## DEFENDANTS' VIOLATIONS UNDER NYLL COMMON TO ALL PLAINTIFFS

63. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.
64. Upon information and Defendants, failed to provide Plaintiffs with wage statements compliant with NYLL each time they compensated Plaintiffs.
65. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.
66. As a result of these violations of Federal and New York State labor laws, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

67. Plaintiffs bring this action on behalf of themselves and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are the collective class.
68. Collective Class: All persons who are or have been employed by the Defendants as tapers, painters, construction assistants, concrete workers, demolition workers and carpenters or other similarly titled personnel with substantially similar job requirements and pay

9

provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wage compensation.

69. Upon information and belief, Defendants employed between 10 to 20 or more employees within the past three years subjected to similar payment structures.

70. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

71. Defendants' unlawful conduct has been widespread, repeated, and consistent.

72. Upon information and belief, Defendant had knowledge that Plaintiffs and the Collective Class performed work requiring overtime pay.

73. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the Collective Class.

74. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

75. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

76. The claims of Plaintiffs are typical of the claims of the putative class.

77. Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.

78. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION

### Overtime Wages Under The Fair Labor Standards Act

79. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.
80. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b). At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
81. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
82. Defendants willfully failed to pay Plaintiffs overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).
83. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiffs.
84. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

### Overtime Wages Under New York Labor Law

85. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.
86. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.
87. Defendants failed to pay Plaintiffs overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

88. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### Unpaid Wages Under The Fair Labor Standards Act

89. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.
90. Defendants willfully failed to pay Plaintiffs' wages for hours worked in violation of 29 U.S.C. §206(a).
91. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to compensating the Plaintiffs.
92. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## FOURTH CAUSE OF ACTION
### Unpaid Wages Under The New York Labor Law

93. Plaintiffs incorporate by reference all allegations in all preceding paragraphs.
94. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.
95. Defendants failed to pay Plaintiffs' wages for hours worked in violation of New York Labor Law Article 6.
96. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from the Defendants, jointly and severally, their unpaid wages and an amount equal to their unpaid wages in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action, including interest in accordance with N.Y. Labor Law §198 (1-a).

## FIFTH CAUSE OF ACTION

**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

97. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.
98. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).
99. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

**Violation of the Wage Statement Requirements of the New York Labor Law**

100. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.
101. Defendants failed to provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL §195(3)
102. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiffs respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;
b. Awarding Plaintiffs unpaid overtime wages;
c. Awarding Plaintiffs unpaid wages;
d. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);
e. Awarding Plaintiffs prejudgment and post-judgment interest;
f. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; and
g. Awarding such and further relief as this court deems necessary and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: June 28, 2022.
      Kew Gardens, NY

*Roman Avshalumov*
Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, PC
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

DANIEL DE MELO FERREIRA, FELIX FLORENTINO, MARVIN YOVANY OSWALDO, ALEXIS ARANDA PAZ and JERONIMO ORELLANA OLIVARES, individually and on behalf of all others similarly situated,

       Plaintiffs,

-against-

BROOKLYN'S CONSTRUCTIONS & DESINGS INC., BROOKLYN'S CONSTRUCTIONS & RENOVATIONS CORP., 4 GIRON CONSTRUCTION INC., and FRANSICO GIRON, as an individual,

       Defendants.
.

---

## SUMMONS & COMPLAINT

---

       HELEN F. DALTON & ASSOCIATES, P.C.
        Attorneys for Plaintiffs
        80-02 Kew Gardens Road, Suite 601
        Kew Gardens, NY 11415
        Phone (718) 263-9591
        Fax (718) 263-9598

---

**TO:**
**BROOKLYN'S CONSTRUCTIONS & DESINGS INC.**
6910 15th Ave., Brooklyn, NY 11228

**BROOKLYN'S CONSTRUCTIONS & RENOVATIONS CORP.**
315 Kings Highway, Brooklyn, NY 11223

**4 GIRON CONSTRUCTION INC.**
1747 West 6th Street, Apt. 2L, Brooklyn, NY 11223

**FRANSICO GIRON**
1747 West 6th Street, Apt. 2L, Brooklyn, NY 11223